UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Scott Michaels,**
Plaintiff,

v.

**Erik Stover,**
Defendant.

Civil Action No.: _____  (to be assigned)

# COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(Jury Trial Demanded)

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Erik Stover, co-owner and Chief Executive Officer of the New York Cosmos, for his personal role in interfering with Plaintiff's business opportunities and misrepresenting the continuity of the Cosmos brand following years of non-use.

2. This filing is connected to Plaintiff's related actions currently before this Court: *Michaels v. Mediacom Communications Corp.* (Case No. 1:25-cv-06596) and *Michaels v. Werner Roth* (Case No. 1:2025cv06942). Together, these cases arise from the same nucleus of operative facts: a coordinated pattern of conduct designed to suppress Plaintiff's lawful revival of historic NASL clubs and to damage Plaintiff's $5M crowdfunding campaign.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, as the claims arise under the Lanham Act (15 U.S.C. § 1125(a)) and related federal law.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendant resides in this District and substantial acts giving rise to the claims occurred here.

## PARTIES

6. Plaintiff Scott Michaels is an entrepreneur and football industry professional, and the founder of Football Is For The Fans, Inc.

7. Defendant Erik Stover is a resident of New York, and the current co-owner and Chief Executive Officer of the New York Cosmos.

## FACTUAL BACKGROUND

8. The New York Cosmos ceased competitive operations after September 2020 and had no active players, staff, or club infrastructure thereafter.

9. In communications between Plaintiff and Defendant from 2022 to 2025, Defendant did not dispute that the Cosmos had ceased operations since 2020 and stated that owner Rocco Commisso had declined outside interest from potential buyers or partners.

10. On February 10, 2024, Plaintiff was introduced to Defendant Erik Stover via WhatsApp by a mutual contact (Exhibit F). In that introduction, Defendant was identified as the President of Match IQ and the Chief Operating Officer of the New York Cosmos.

11. In these conversations, Defendant personally acknowledged that the Cosmos had not been operating as a functioning club and further stated that Rocco Commisso was not interested in selling the brand or accepting outside interest.

12. Defendant's admission confirms that he was fully aware of the Cosmos' abandonment, the absence of competitive operations since 2020, and Commisso's refusal to engage with legitimate proposals.

13. These communications also confirm that Defendant had personal knowledge of Plaintiff's football ventures more than a year before the disputed relaunch, yet he nevertheless proceeded to represent the Cosmos as active and continuous in July 2025.

14. Defendant's February 2024 admission that the Cosmos were inactive and that Rocco Commisso was not interested in selling directly informed Plaintiff's assessment of the Cosmos brand as abandoned.

15. Based on this knowledge, Plaintiff reasonably concluded that the Cosmos had no bona fide commercial operations and pursued cancellation of Cosmos-related trademarks for non-use before the USPTO Trademark Trial and Appeal Board.

16. Defendant's later decision in July 2025 to relaunch the Cosmos, after acknowledging abandonment more than a year earlier, underscores the bad faith and misleading nature of his conduct.

17. On July 7, 2025, Plaintiff formally notified Defendant by email (Exhibit A) that any relaunch of the Cosmos would constitute bad-faith reliance on an abandoned brand and would interfere with Plaintiff's lawful projects.

18. Despite this written notice, on July 10, 2025, Defendant personally authorized and announced the relaunch of the Cosmos in USL League One, attaching the Cosmos identity to a separate North Jersey soccer project.

19. In subsequent media coverage, including AMNY (July 2025) and The Third Half (August 2025), Defendant affirmatively represented the Cosmos as "never going away" and "continuously active," omitting the fact that the club had ceased operations in 2020.

20. Immediately after this announcement, Plaintiff's crowdfunding campaign suffered measurable harm: investor sign-ups dropped by approximately **[insert %]** and sponsorship discussions valued at **[insert $ amount]** were put on hold.

21. Defendant's conduct created a likelihood of confusion in commerce, disrupted Plaintiff's crowdfunding momentum, and damaged Plaintiff's reputation with investors and sponsors.

22. Defendant's actions form part of the same coordinated scheme alleged in related cases against Mediacom Communications Corporation and Werner Roth. While Mediacom orchestrated legal maneuvers and Roth published defamatory attacks, Defendant personally executed the relaunch after direct notice, making him individually liable for interference and misrepresentation.

23. As of August 2025, Defendant is publicly identified on the Cosmos website (nycosmos.com) as "CEO and Co-Founder" of the New York Cosmos (Exhibit E). This confirms Defendant's leadership role in the relaunch and his direct responsibility for branding and promotional decisions that created marketplace confusion, despite having prior notice from Plaintiff regarding abandonment and ongoing legal disputes.

## PERSONAL LIABILITY OF DEFENDANT

24. Defendant Stover is sued in his individual capacity because his conduct was not limited to routine management of a corporate entity, but consisted of **knowing, intentional acts** after direct notice of legal disputes.

25. On February 10, 2024, Defendant personally acknowledged to Plaintiff that the Cosmos had ceased operations and that Commisso was not interested in selling.

26. On July 7, 2025, Plaintiff again personally notified Defendant by email that the Cosmos brand had been abandoned and that any attempt at relaunch would constitute interference with Plaintiff's lawful commercial activities.

27. Three days later, on July 10, 2025, Defendant personally authorized and announced the relaunch of the Cosmos in USL League One.

28. Defendant then gave interviews and press statements, including to AMNY and The Third Half, in which he **knowingly and affirmatively misrepresented** the Cosmos as continuously active, despite his earlier admission of abandonment.

29. These actions were not compelled by corporate form but were **personal decisions executed by Defendant himself**, with knowledge of falsity and of Plaintiff's pending commercial and legal rights.

30. Because Defendant acted with personal knowledge, after personal notice, and in a personal capacity when making public statements, he is **individually liable** for unfair competition and tortious interference.

31. Defendant cannot invoke the protection of the corporate veil where the claims arise from his own misrepresentations, his own public conduct, and his own interference with Plaintiff's business opportunities.

## CAUSES OF ACTION

**Count I – Unfair Competition / False Designation of Origin and False Advertising (15 U.S.C. § 1125(a))**

32. Defendant's relaunch and public statements created a false designation of origin and a likelihood of confusion in commerce by presenting the Cosmos brand as continuously active, when in fact the brand had been abandoned since 2020.

33. Defendant further engaged in false advertising under § 1125(a)(1)(B) by knowingly promoting the Cosmos as an ongoing entity, misleading consumers, investors, and sponsors.

34. Defendant's misrepresentations diverted goodwill, misled the public, and obstructed Plaintiff's legitimate and federally protected commercial activities.

**Count II – Tortious Interference with Prospective Economic Advantage (New York Law)**

35. Plaintiff had valid business expectations, including an active crowdfunding campaign, sponsorship discussions, and commercial partnerships.

36. Defendant intentionally and knowingly interfered with Plaintiff's pending crowdfunding

campaign and related opportunities by relaunching the Cosmos after explicit notice of abandonment.

37. This action also created confusion around the historic New York Cosmos name, which Defendant publicly claimed as active and continuous despite knowing the brand had not operated since 2020.

38. Defendant's conduct diverted investor interest, misled potential partners, and undermined Plaintiff's commercial efforts to revive historic clubs under lawful filings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Stover, and grant the following relief:

A. A declaration that Defendant's use of the Cosmos brand constitutes unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125(a);

B. Preliminary and permanent injunctive relief prohibiting Defendant from further use of the Cosmos name;

C. Compensatory damages in an amount to be proven at trial, including but not limited to not less than $1,000,000 in direct damages;

D. Further damages reflecting Defendant's substantial contribution to the collapse of Plaintiff's $5M crowdfunding campaign, consistent with related actions before this Court;

E. Pre- and post-judgment interest, costs, and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

## EXHIBITS TO BE FILED

- **Exhibit A** – Plaintiff's July 7, 2025 formal notice email to Erik Stover
- **Exhibit B** – Communications between Plaintiff and Defendant (2022–2025) reflecting Cosmos inactivity and refusal of outside interest
- **Exhibit C** – AMNY article, July 2025 ("Cosmos Relaunch") – including quote: "The Cosmos never went away"
- **Exhibit D** – The Third Half interview, August 2025 – including quote: "We've been active all along"
- **Exhibit E** – Screenshot of nycosmos.com website, August 2025, identifying Defendant as "CEO and Co-Founder" of the New York Cosmos
- **Exhibit F** – WhatsApp communications between Plaintiff and Defendant (Feb. 2024), in which Defendant acknowledged Cosmos inactivity and stated that Rocco Commisso was not interested in selling, forming part of Plaintiff's basis for filing cancellation petitions

**Respectfully submitted,**

/s/ Scott Michaels
Scott Michaels

Pro Se Plaintiff
c/o Football Is For The Fans
Suite A, 82 James Carter Road
Mildenhall, IP28 7DE
United Kingdom
scottmatchmaker@gmail.com